SYLVESTER McINTIRE, in equity, *vs.* GEORGE BOWDEN and others.

*Specific performance.*

Specific performance of a contract not signed by all the persons named as parties thereto, and of which the claimant obtained possession without the consent of him who did sign it, will not be decreed; especially where the complainant has not fully performed on his part the conditions precedent of the instrument.

BILL IN EQUITY, heard on bill, answers and proof.

The bill is brought to obtain a conveyance of certain property in York in which McIntire claims to have an equitable interest; the record title being in Joseph S. Grant, one of the defendants, who received it from Bowden and Francis Plaisted, the other defendants.

The complainant alleges that on Nov. 19, 1844, he was the owner, seized in fee, and in possession of the premises, and on that day conveyed them to Charles O. Emerson to secure a debt due from himself to E., and received from Emerson a written agreement for a re-conveyance upon payment of the debt. This agreement McIntire assigned May 3, 1849, to Nathaniel G. Marshall, taking his contract to reassign on payment of a sum due from Mc-

Intire to him. Subsequently, Nov. 5, 1851, Marshall paid McIntire's debt to Emerson, at the request of McIntire, and took the title to the land, at the same time contracting for a conveyance of it to the complainant whenever he fully paid Marshall all that should be due him from McIntire when the latter demanded his deed. The bill further stated that " on the 19th day of August, A. D. 1858, through the aid of said George Bowden, the complainant fully paid and cancelled his indebtedness to said Marshall, who, thereupon, at the suggestion of the complainant conveyed the premises to said Bowden to secure the indebtedness existing from the complainant to Bowden, and Bowden thereupon made an agreement in writing to convey the premises to the complainant upon the payment of all sums of money which then were or should be thereafter due from the complainant to said Bowden." On the 20th day of August, A. D. 1858, Bowden quit-claimed half of the premises to Plaisted who, it is charged, then well knew the terms of the agreement between McIntire and Bowden. On the 20th day of April, 1860, Bowden and Plaisted conveyed the estate to Grant, who is declared to have known the nature of their title and to have had notice of McIntire's interest; and on the 24th of that month Bowden and Plaisted notified McIntire to quit the premises for non-payment of rent, and removed him therefrom May 13, 1860. Upon the 15th day of August, 1860, complainant tendered Bowden and Plaisted $978 in gold, and demanded his deed, claiming that sum to be in full of all debts for which the land was held as security, but they refused the tender or to make conveyance. . The complainant offers to perform all that is on his part to be performed and prays that defendants be ordered to convey to him the premises aforesaid.

Bowden and Plaisted in their answers say that in July, 1858, McIntire called on them and said that Marshall was the owner of these premises and had demanded possession; and he (McIntire) wanted them to purchase the property of Marshall and allow the complainant to live upon it and occupy it as their tenant, which request they did not then accede to, but the next month (August,

1858) they agreed to do it if he would provide $75 of the money to be paid Marshall, and on the nineteenth of the month last named the deed from Marshall to Bowden was made and delivered at the office of Hon. John N. Goodwin in South Berwick. Bowden denies that, on said 19th of August, 1858, he "either made, signed, sealed, or delivered to said complainant, or in consideration of having purchased said premises as aforesaid agreed to convey said premises to said complainant in manner set forth in said bill, or that he (Bowden) requested any such agreement to be reduced to writing;" and Plaisted affirmed his belief of the truth of Bowden's denial. They say, however, that though Bowden requested no such writing as the bill states to be made at Mr. Goodwin's office, Aug. 19, 1858, he did propose in the following September or October the terms of an agreement to be executed in triplicate, and accordingly signed such an instrument and left it with Plaisted; but that it was never signed by Plaisted, nor were the other two parts ever signed by anybody; that the copy signed by Bowden was never delivered to McIntire, "but that he wrongfully and fraudulently obtained possession thereof." This agreement, as put in evidence by the complainant, was as follows:

"Know all men by these presents that we, George Bowden and Francis Plaisted, of York, in the county of York and State of Maine, Gentlemen, do hereby agree with Sylvester McIntire, of said York, Esquire, to let him have the use of the property which the said George Bowden purchased of Nathaniel G. Marshall, of South Berwick, on the nineteenth day of August, A. D. 1858, and being the same which the said Sylvester McIntire now occupies; if the said Sylvester McIntire shall pay to the said Bowden and Plaisted jointly, the interest every six months on eight hundred and sixty-five dollars, and also all taxes that may be assessed on said property, and also all insurance money or moneys that may arise from the insurance on the buildings belonging to said property. And we further agree with the said McIntire, that if he will pay to the said Bowden and Plaisted, or their heirs, executors, administrators, or assigns, the sum of eight hundred and sixty-five dollars and interest that may

be due at the time of payment, and also to pay all insurance moneys and taxes that may then be due, that we will give to him a quit-claim deed of said property. And it is further agreed that so long as said McIntire shall remain on and have the use of said property, before purchasing of said Bowden and Plaisted, that he shall pay at least seventy-five dollars yearly, and more if he pleases, of the principal, besides paying all interest semi-annually and taxes and insurance moneys as they may become due. And it is further agreed that when the said Bowden and Plaisted shall order the said Sylvester McIntire to move, leave, and entirely quit the said premises, the said Sylvester McIntire shall have four months to redeem said premises if he shall pay all sums which shall be then due within the four months. And if he does not redeem the premises within four months from the time he is notified, he must then leave and quit entirely from the premises. And it is further agreed that each man named in this agreement shall have a copy of this agreement, and that all moneys which the said McIntire may pay to the said Bowden and Plaisted shall be indorsed on each man's agreement, and if not indorsed on each agreement, then such indorsement shall be deemed null and void. And it is further agreed that if said McIntire shall fulfil this agreement, that he shall have a quit-claim deed, otherwise not. GEORGE BOWDEN.

Dated at York, this——, A. D. 1858.

Signed in the presence of GEORGE F. PLAISTED."

They say that the complainant remained in possession of the premises and took the profits thereof during 1858–9 and part of 1860, but refused to pay any rent, or anything toward the purchase of the same; consequently they notified him to quit in November, 1859, offering to convey to him for the same sum they had paid Marshall, repeating this offer in the next winter and in the succeeding spring.

Grant alleged a purchase in good faith by him upon full consideration and without notice of any adverse claim.

To overcome the legal effect of these answers, and to sustain the allegation in his bill that when the estate was conveyed to him,

August 19, 1858, Bowden " thereupon made an agreement in writing to convey the premises," etc., the complainant introduced his own deposition and those of Messrs. Marshall and Goodwin, the only persons, beside Bowden, present when the deed from Marshall to Bowden was delivered. Each of these witnesses testified that Bowden took up the deed and directed Mr. Goodwin to prepare for them the agreement he was to give McIntire, telling him (G.) to make it like the one McIntire had theretofore held from Marshall, which was then surrendered. Bowden added that he had an errand out in the village, but said he would return by the time Mr. Goodwin had written it and would then sign it. He took the deed to him, and went out and did not return, nor did he ever sign the paper so prepared for his signature. This document was annexed by Mr. Goodwin to his deposition, and is as follows:

" Whereas, I, George Bowden, of York, in the county of York and State of Maine, have this day taken a conveyance to me of a certain lot of land in said York, being the homestead farm of Sylvester McIntire of said York, from Nathaniel G. Marshall of South Berwick, which deed dated this day is hereby referred to for a more particular description thereof, I hereby agree with the said Sylvester McIntire to convey to him by a good and sufficient deed, all said property included in the deed of said Marshall to me on demand, after said McIntire shall pay to me all sums of money which now are or may hereafter be due from him to me.

Sealed with my seal. Dated this nineteenth day of August, A. D. 1858."

{ SEAL. }

In his bill the complainant did not specifically charge that Bowden's conduct in taking the deed and refusing to sign the agreement was fraudulent, but treated the agreement as if signed, and claimed in his argument that if it were proven that Bowden agreed to sign the instrument drawn by the attorney at his request, it should be considered in equity as if fully executed. Bowden, by his deposition, contradicted the statement of McIntire and his witnesses with reference to this matter; and it will be seen that the

court express no opinion on the point sought to be raised by complainant's solicitor thereon, probably deeming his position untenable.

*Edwin B. Smith,* for complainant.  *Taylor* v. *Luther,* 2 Sumner, 228 ; *Jenkins* v. *Eldredge,* 3 Story, 181.

In equity, that which one is proved to have agreed to do must have the same effect as against him as if it were done.  Home's Principles of Equity.

The writing drawn by Hon. John N. Goodwin as attorney for Bowden, and at his request, must be treated as if executed by him ; he having procured its preparation, promised to sign it, and by that promise obtained conveyance of the estate.

*Ira T. Drew,* for respondents.

DICKERSON, J.  This case is presented on bill, answers, and proofs.  The prayer is for a decree compelling the defendants to make a conveyance of the premises described in the bill according to the terms and conditions of a certain instrument in writing signed by George Bowden in September or October, 1858, and running to the plaintiff.

When that instrument was signed, the signer, George Bowden, and Francis Plaisted were joint owners of the premises, and both of their names appear in the body of the instrument as joint contracting parties.  The instrument upon its face appears to be incomplete, wanting the signature of the joint contracting party of the first part.

Bowden and Plaisted set forth in their answer that in September or October, 1858, after consulting the plaintiff as to the terms and conditions on which he might occupy the premises or purchase them, Bowden proposed an agreement in three parts, setting forth these terms and conditions, and signed and left with Plaisted the writing described in the bill, and that neither Bowden nor Plaisted ever delivered it to the plaintiff; nor was it signed by Plaisted or the plaintiff, but that it was wrongfully and fraudulently obtained

by him. The plaintiff testifies that the instrument was delivered to him by the son of Francis Plaisted, that it was not what it should have been and not satisfactory to him, but was the best he could do.

In view of the improbability that Bowden would contract to give a deed of the whole of premises that he owned only half of, and of the incomplete execution of the writing in controversy, as well as the testimony touching its inception and procurement by the plaintiff, we are satisfied that the plaintiff can take nothing by it, as a completed contract, either against Bowden severally or jointly with Plaisted.

But if it had been duly executed and delivered, the plaintiff could not make it available to him in this bill, as he failed to perform the condition in respect to the payment of rent, to say nothing of other alleged laches on his part.

It is to be observed that the bill does not set forth a trust in Bowden on account of taking a deed from Marshall, nor does it allege that Bowden obtained that deed by fraud. As it does not pray for relief upon either of these grounds, we are not called upon to determine whether upon proper allegations the bill might be sustained. *Bill dismissed without costs or prejudice.*

APPLETON, C. J.; WALTON, BARROWS, and DANFORTH, JJ., concurred.